# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| V. | § | CASE NO. 4:12-cr-166 |
| | § | Judge Crone |
| BRENDAN W. COUGHLIN (1) | § | |
| HENRY D. HARRISON (2) | § | |
| W. MARK MILLER (3) | § | |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Pending before the Court is the Joint Motion to Dismiss the Indictment or, in the Alternative, to Strike Allegations (Dkt. #46).

## BACKGROUND

Between September 2006 and February 1, 2009, Defendants Brendan Coughlin ("Coughlin") and Henry Harrison ("Harrison") were two of the four principals of Provident Royalties, LLP ("Provident"), an entity that solicited investments for oil and gas projects in the United States. (Superseding Indictment ¶¶ 1-3). Defendant Mark Miller ("Miller") served as the Chief Financial Officer and, later, as President of Provident. (*Id.* ¶ 4). During the course of their business activities, Coughlin, Harrison, Miller, and others allegedly made false material representations and omissions of material facts to investors in order to solicit their investments. (*Id.* ¶¶ 9, 10). It is alleged that Coughlin, Harrison, and others failed to disclose the role of a third principal, Joseph Blimline ("Blimline"), in order to conceal that Blimline had violated Michigan securities laws, (*Id.* ¶ 10(b)), and used proceeds from later investors to pay dividends to earlier investors (*Id.* ¶ 10(d)).

Defendants were charged in count one of the superseding indictment with conspiracy to commit mail fraud in violation of 18 U.S.C. §§ 1349 and 1341. Coughlin and Harrison are also

charged in counts two through eleven with violations of 18 U.S.C. §§ 1341 and 2.

The superseding indictment alleges that Coughlin and Harrison founded and served as directors of Provident, and that Miller served as an officer. (Superseding Indictment ¶¶ 2, 3, 4). Provident acquired producing and non-producing subsurface mineral interests, working interests, and production payments in real property located in the United States. Provident raised money through Private Placement Memoranda ("PPMs") for a series of offerings, each named "Shale," followed by a number (*Id.* ¶¶ 1, 9). According to the superseding indictment, Provident, through the Defendants and others,

> created materials that contained a series of materially false representations regarding Provident's acquisitions and operations of its oil and gas investments. These materials, along with specific representations by Provident representatives, were intended to induce individuals to rely upon them and invest in Provident Projects. Among the materially false representations were the following:
> > a. That 86 percent of each investor's investment would be used to purchase oil and gas assets only for the specific PPM Project for which the investor provided funds; and
> > b. That the proceeds raised by one PPM Project would not be used to pay dividends for any other PPM Project.

(*Id.* ¶ 10).

The superseding indictment also alleges that Coughlin, Harrison, and others omitted certain information during the securities offerings:

> Provident, through [Coughlin, Harrison, and others], also failed to disclose material facts to their investors. Among the intentional omissions of material fact were the following:
> > a. That Blimline was considered to be a control person over Provident;
> > b. That Blimline had received a written Order to Cease and Desist from the State of Michigan for violations of the Michigan Uniform Securities Act;
> > c. That Provident, through [Coughlin, Harrison, and others], entered into almost $93 million in transactions with an entity controlled by Blimline, including extending approximately $30 million in unsecured loans to Blimline; and
> > d. That Provident, through [Defendants and others], used investor funds from some PPM Projects to pay investor dividends in other PPM Projects.

(*Id.* ¶ 11).

Provident offered prospective investors the opportunity to invest in the Shales through PPMs. Each investor signed a Subscription Agreement certifying that he or she had read, understood, and invested based on the PPM. The PPMs vary slightly from Shale to Shale, but they contain many common elements. Each PPM states in bold, capital letters on the first page:

> AN INVESTMENT IN THE UNITS INVOLVES A HIGH DEGREE OF RISK. ONLY THOSE PERSONS WHO HAVE THE FINANCIAL ABILITY AND WILLINGNESS TO ACCEPT SUCH RISK SHOULD CONSIDER INVESTING IN SUCH UNITS. SEE "RISK FACTORS."

The "Risk Factors" portion of each PPM lays out in plain English a series of risks involved in the investment. Before a person could invest in a Shale, he or she had to read and sign an extensive subscription agreement.

On December 20, 2012, Defendants filed their joint motion to dismiss or alternative motion to strike allegations (Dkt. #46). On December 26, 2012, the Government filed a response (Dkt. #48). On December 31, 2012, Defendants filed a reply (Dkt. #49).

Defendants assert that the Court must answer the following questions: (1) Are the misrepresentations charged in the indictment, to the extent made in the Private Placement Memoranda ("PPMs"), immaterial as a matter of law under the "bespeaks caution" doctrine? (2) Does the indictment allege that Defendants had a duty to disclose the information that was allegedly omitted? and (3) Is the allegedly omitted information immaterial as a matter of law?

Rule 12(b)(3)(B) of the Federal Rules of Criminal Procedure supplies the procedural means for a criminal defendant to challenge the sufficiency of an indictment. In general, an indictment is sufficient to survive a motion to dismiss "if it contains the elements of the charged offense, fairly

informs the defendant of the charges against him, and insures that there is no risk of future prosecutions for the same offense." *United States v. Cavalier*, 17 F.3d 90, 92 (5th Cir. 1994) (citing *United States v. Arlen*, 947 F.2d 139, 144 (5th Cir. 1991)). The propriety of granting a motion to dismiss an indictment pursuant to Rule 12(b)(3)(B) "is by-and-large contingent upon whether the infirmity in the prosecution is essentially one of law or involves determinations of fact." *United States v. Fontenot*, 665 F.3d 640, 644 (5th Cir. 2011) (quoting *United States v. Flores*, 404 F.3d 320, 324 (5th Cir. 2005)). "If a question of law is involved, then consideration of the motion is generally proper." *Id.* (quoting *Flores*, 404 F.3d at 324).

The determination of whether an indictment sufficiently alleges the elements of an offense is a question of law properly raised by a motion to dismiss. *United States v. Shelton*, 937 F.2d 140, 142 (5th Cir. 1991). When reviewing a motion to dismiss an indictment for failure to state an offense, a court must take the allegations of the indictment as true and determine whether an offense has been stated. *Fontenot*, 665 F.3d at 644 (citing *United States v. Hogue*, 132 F.3d 1087, 1089 (5th Cir. 1998)). An indictment must allege each and every essential element of the charged offense in order to pass constitutional muster. *Shelton*, 937 F.2d at 142. However, the Court must also be mindful that "the law does not compel a ritual of words," and that the validity of an indictment depends on practical, not technical, considerations. *United States v. Ratcliff*, 488 F.3d 639, 643 (5th Cir. 2007) (citation omitted). An indictment need only "be a plain, concise, and definite written statement of the essential facts constituting the offense charged." Fed. R. Crim. P. 7(c)(1).

The Government responds to the motion, stating that Defendants do not contest the fact that the indictment contains the elements of the charged offenses, fairly informs them of the charges against them, and ensures that there is no risk of future prosecution for the same offense; rather,

Defendants claim that the false statements and omissions of material fact that the Defendants made to their investors were not material to the investors' decision, and therefore do not trigger the protections of the mail and wire fraud statutes or that they had no duty to disclose certain information to the investors. The Court agrees with the Government that Defendants fail to offer any proper reasons for the Court to dismiss the indictment. The Court agrees with the Government that the "bespeaks caution" doctrine is a civil doctrine that is not applicable to a criminal case. *See United States v. Morris*, 80 F.3d 1151, 1167 (7th Cir. 1996). The Government is correct that materiality does not require proof of an affirmative misrepresentation or hinge on the "bespeaks caution" doctrine. Materiality is satisfied with proof that a scheme was reasonably calculated to deceive, since such a calculation would have to include the concealment or omission of information that is capable of influencing a decision. An omission is material if there is "a substantial likelihood that the disclosure of the omitted fact would have been viewed by the reasonable investor as having significantly altered the total mix of information made available." *United States v. Bruteyn*, 686 F.3d 318, 323 (5th Cir. 2012). In this Circuit, materiality "is an element to be decided by the jury in cases of mail fraud, wire fraud, and bank fraud." Fifth Circuit Pattern Jury Instructions 2.59, Note (2001). "Materiality is a mixed question of law and fact [and] it is usually left for the jury." *United States v. Peterson*, 101 F.3d 375, 380 (5th Cir. 1996).

The Government concludes that "[t]he defendants' arguments – though couched as a challenge to the legal sufficiency of the superseding indictment – are nothing more than a disagreement with the facts of the case. In each instance, the defendants have attempted to draw purportedly legal conclusions from what are instead these core factual disputes." The Court agrees. The decision of materiality is an issue for the jury. The Court finds no basis to recommend granting

the Defendants' motion.

Defendants assert in their reply that the Government erred in its response in the following four respects: (1) the indictment must do more than recite the statutory elements, it must allege facts that fall within the scope of the criminal offense charged; (2) that the standards governing materiality and duty to disclose are the same in both the civil and criminal contexts; (3) contrary to the Government's contention that materiality must be left to the jury, courts routinely find statements and omissions immaterial as a matter of law in deciding motions to dismiss; and (4) when the Government reaches the merits it addresses an argument Defendants do not make–that materiality rests on a duty to disclose, and it tries to amend the indictment to get around defects in the 86-percent statement, and takes the position that an offeror of securities has a duty to disclose any information an investor might want to know.

The Court rejects Defendants' arguments. A review of the superseding indictment demonstrates that the indictment is sufficient. The superseding indictment adequately contains the elements of the charged offenses, fairly informs the Defendants of the charges against them, and ensures that there is no risk of future prosecutions for the same offense.

## RECOMMENDATION

The Court recommends that the Joint Motion to Dismiss the Indictment or, in the Alternative, to Strike Allegations (Dkt. #46) be **DENIED**.

Within fourteen (14) days after service of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(c).

Failure to file written objections to the proposed findings and recommendations contained

in this report within fourteen days after service shall bar an aggrieved party from *de novo* review by the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest injustice. *Thomas v. Arn*, 474 U.S. 140, 148 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988).

**SIGNED this 4th day of February, 2013.**

_____
AMOS L. MAZZANT
UNITED STATES MAGISTRATE JUDGE